## Harlan's Trustee v. Harlan.

(Decided February 19, 1929.)

ROBBINS & SMITH and R. M. SHELBOURNE for appellant.

ROBERT O. WILLINGHAM and M. C. ANDERSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

This is a controversy between Lizzie Harlan and M. H. Kane as her trustee under the will of John E. Kane as to when she was entitled to interest on the fund devised to her in the will. By the will the testator directed: (1) That all his debts be paid. (2) He gave to his wife the home property in which they lived, including all per-

sonal property in the home, and in addition the sum of $25,000 to be paid her in cash, or at her election in stocks and bonds. (3) He gave to his sister, Mary Ann Webb, if she survived him, $6,000 to be paid her in cash from the estate. (4) He gave to his sister Alice Webb, if she survived him, $6,000 to be paid to her in cash from the estate. (5) He gave to his sister Britanna Hudson, should she survive him, $3,000. (6) He gave to Mary George $100. (7) He gave to his nephew Robert Harlan $100. (8) He gave to M. H. Kane $8,000 in trust for his brother James M. Kane for life, and at his dèath to go to his children. (9) He gave to M. H. Kane $8,000 in trust for his sister Ellen Elsie for life, and at her death to go to her son, if living. (10) He gave to M. H. Kane, as trustee for his sister Lizzie Harlan $10,000, the annual interest to be paid her as long as she lived and at her death the principal should constitute a part of his estate. (11) All the rest of the estate he devised to his brother Robert L. Kane and M. H. Kane. (12) He provided that no bond should be required of the executors. (13) He appointed Robert L. Kane and M. H. Kane as executors of the will, and authorized them to sell and convey the real estate in the settlement and distribution of the estate.

The tenth clause, applying to Lizzie Harlan, is in these words:

"(10) I give, devise and bequeath to my brother M. H. Kane, the sum of Ten Thousand Dollars in cash from my estate in trust, however, for the use and benefit of my sister, Lizzie Harlan, so long as she shall live, the same to be by said trustee loaned at interest and secured by mortgage on real estate, and the annual interest arising from the same after payment of taxes and expenses paid annually to my said sister so long as she shall live, and at her death the said sum of Ten Thousand Dollars and any interest on hand to be and constitute a part of my estate and to pass under the residuary clause of my will."

The testator died on June 10, 1925. His will was duly probated on July 13, 1925. The executors then qualified. M. H. Kane qualified as trustee for Lizzie Harlan on May 5, 1926, and then received from the executors the $10,000 devised in trust for her. After this she claimed that she should have interest on the fund from the death of John E. Kane. He claimed that she should have inter-

est only from one year after the testator's death. The circuit court decided in her favor. He appeals.

Section 2065, Kentucky Statutes provides:

> "If no time is fixed for the payment of a specific pecuniary legacy, it shall be payable one year after the testator's death, and carry interest after due."

In Redd's Adm'r v. Redd, 58 S. W. 428, 22 Ky. Law Rep. 505, Philip Redd devised to his wife $5,500. The will was contested, but the contest was discontinued. The executor contended that interest should only run from the time the contest was discontinued. The court, after quoting the statute, said: "This statute is decisive of this case. The will fixed no time of payment; therefore the legacy was due in one year."

In Hood v. Maxwell, 66 S. W. 276, 23 Ky. Law Rep. 1791, the testator devised $1,000 to a trustee for the use and benefit of Cora Maxwell for life and at her death to another. There was a controversy between the executor and Cora Maxwell as to when the interest on the devise began to run. The court said: "The court charged the estate with the interest on the $1,000 bequest from the date the will was probated. There was no provision in the will as to when it should be paid. Under section 2065, Ky. Stats., it did not draw interest for one year after testatrix's death. The court erred in allowing interest for the year following the death of testatrix.

Appellee insists that the statute applies only to a specific devise, and maintains that a specific devise is a devise of a specific thing, but the language of the statute is specific pecuniary legacy. A legacy is pecuniary when it is payable in money, and is a specific pecuniary legacy within the meaning of the statute when it is for a definite sum of money. It is the clear purpose of our statute to give the executor a reasonable time to marshal the estate and make distribution. He may make distribution after nine months (Ky. Stats., sec. 3860); no action may be brought against him except one to settle the estate within six months after he qualified (Ky. Stats., sec. 3847); and he is charged after two years with interest on surplus (section 3859). In an estate as large as this, and with as many pecuniary legacies to pay, the executors were entitled to a reasonable time to pay them all, and the statute was intended to fix one year as a reasonable time for this purpose. Independently of the statute, this was the

common-law rule: "Since the creditors must all be satisfied before any legacy is payable, the executor must be allowed a reasonable time to inform himself of the state of the property and the demands upon the same, before payment of legacies can be compelled. And when time for payment of legacies is not fixed by will, the common law following the civil law rule, fixed the time of payment at one year after the testator's death." 40 Cyc. p. 2089. To the same effect, see 29 R. C. L. p. 353, sec. 353.

The common-law rule is in force in Kentucky so far as it is not changed by statute. The decisions above referred to rest upon the ground that the statute was only intended as a re-enactment of the common-law rule, which is founded on the presumption that a year will give executors a reasonable time to ascertain the condition of the estate and pay the legacies. The trustee is liable to her for the interest collected after he received the legacy from the executors, though they were not required to pay it until after one year from the death of the testator to avoid liability for interest on it thereafter under the statute.

Judgment reversed, and cause remanded for a judgment as above indicated.